# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7985 | **DATE** | November 23, 2011 |
| **CASE TITLE** | Sylvester Jamison (#2009-1116260) v. Cook County, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiffs Sylvester Jamison, Robert Dominick and Jermaine Johnson's motions for leave to proceed *in forma pauperis* [#3], [#4], and [#5] are granted. The Court orders the trust fund officer at these Plaintiffs' current place of incarceration to make deductions from their accounts in accordance with this order. Plaintiff Reginald Brewer is granted thirty days in which either to file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C.§ 1915(a)(2) or pay the full $350 filing fee. The Clerk is directed to send Plaintiff Brewer an i.f.p. application along with a copy of this order. Failure of Plaintiff Brewer to comply within thirty days of the date of this order will result in summary dismissal of this case. The Clerk shall send a copy of this order to the trust fund officer at the Cook County Jail. However, summonses shall not issue at this time. On the Court's own motion, counsel is appointed for Plaintiffs. The Court appoints Steven E. Danekas of Swanson, Martin & Bell, 330 North Wabash, Suite 3300, Chicago, IL 60611, to represent Plaintiffs in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). Counsel is ordered to notify the Court within 60 days whether he intends to proceed with the complaint on file or file an amended complaint.

■ **[For further details see text below.]**   **Docketing to mail notices.**

## STATEMENT

Plaintiffs, all pre-trial detainees in custody at the Cook County Jail, have brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiffs allege that Defendants have violated their constitutional rights by subjecting them to unconstitutional conditions of confinement. More specifically, Plaintiffs allege that the water at the Cook County Jail contains unacceptably high levels of lead. Plaintiffs further allege that Defendants have had knowledge of the health hazard to inmates since January of 2010, but have refused to do anything to rectify the problem, exposing them to serious health problems. Plaintiffs have couched their claims in terms of a class action.

Plaintiffs Jamison, Dominick, and Johnson's motions for leave to proceed *in forma pauperis* are granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff Jamison is assessed an initial partial filing fee of $22.04, Plaintiff Dominick is assessed an initial partial filing fee of $3.50, and Plaintiff Johnson is assessed an initial partial filing fee of $7.15. The trust fund officer at these Plaintiffs' place of incarceration is authorized and ordered to collect the partial filing fee from their trust fund accounts and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiffs' trust fund officer is directed to collect monthly payments from their trust fund accounts in an amount equal to 20% of the preceding month's income credited to each account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in each of the accounts exceeds $10 until the full $350 filing fees are paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify each Plaintiff's name and this case number. This payment obligation will follow each Plaintiff wherever he may be transferred.
**(CONTINUED)**

AWL

| STATEMENT  (continued) |
|---|

      Plaintiff Brewer has failed either to pay the statutory filing fee or to file a petition for leave to proceed *in forma pauperis*. The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the Court must assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). To enable the Court to make the necessary assessment of the initial partial filing fee, Plaintiff Brewer must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Therefore, if Plaintiff Brewer wishes to proceed with this case by making installment payments instead of paying the full filing fee in advance, he must file an *in forma pauperis* application on the form required by the rules of this Court, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the past six months [that is, from May 22, 2011, through November 22, 2011].

      Plaintiff Brewer must, within thirty days, **either** file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) **or** pay the full $350 filing fee. The Clerk will furnish Plaintiff Brewer with an *in forma pauperis* application along with a copy of this order. Failure of Plaintiff Brewer to comply within thirty days of the date of this order will result in summary dismissal of this case.

      Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiffs' allegations as true, the Court finds that they have articulated a colorable federal cause of action against Defendants for unconstitutional conditions of confinement. *Antonelli v. Sheahan* 81 F.3d 1422, 1427 (7th Cir. 1996) (to state a valid unconstitutional condition of confinement claim, the plaintiff must be able to demonstrate that the defendants, acting with deliberate indifference, deprived him of "basic human needs" or "the minimal civilized measure of life's necessities"); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). While a more fully developed record may establish that the plaintiff suffers no hardships of constitutional magnitude, the defendants must respond to the allegations in the complaint.

      Pursuant to Fed. R. Civ. P. 20(a), multiple plaintiffs may file a § 1983 action. Providing they each have submitted an acceptable application to proceed *in forma pauperis* and have satisfied the requirements of permissive joinder under Fed. R. Civ. P. 20, Plaintiffs may proceed collectively with their suit. *Boriboune v. Berge*, 391 F.3d 852, 855-856 (7th Cir. 2004). Plaintiff Brewer will have to submit a properly completed and certified i.f.p. application before being permitted to proceed.

      Due to the nature of Plaintiffs' allegations, and the complexity of dealing with multi-plaintiff litigation, the Court hereby appoints Steven E. Danekas of Swanson, Martin & Bell, 330 North Wabash, Suite 3300, Chicago, IL 60611 to represent Plaintiffs in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).

      Appointed counsel should conduct investigation and notify the Court within sixty days if Plaintiffs wish to proceed with the complaint on file or if counsel intends to file an amended complaint. If counsel is unable to proceed with the complaint on file or to file an amended complaint, he should so inform the Court. Plaintiffs' counsel should also evaluate the complaint as to whether it is suitable as a class action suit, and assist Plaintiff Brewer in complying with this order with respect to submitting his i.f.p. application.

*/s/ James F. Holderman*