IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SYLVESTER JAMISON, ROBERT DOMINICK, REGINALD BREWER, and JERMAINE JOHNSON, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) No. 11 C 7985 |
| COOK COUNTY, ILLINOIS; THOMAS DART, individually and in his official capacity as the Sheriff of Cook County; TONI PRECKWINKLE individually and in her official capacity as the Cook County Board President; MICHAEL MILLER, individually and in his official capacity as Director of the Cook County Jail; and MICHAEL BRYANT, individually and in his official capacity as Assistant Superintendent of Cook County Jail, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On November 9, 2011, plaintiffs Sylvester Jamison, Robert Dominick, Reginald Brewer, and Jermaine Johnson (collectively, "Plaintiffs") brought a pro se civil rights complaint (Dkt. No. 1) against defendants Cook County, Illinois, Cook County Sheriff Thomas Dart, Cook County Board President Toni Preckwinkle, Cook County Jail Director Michael Miller, and Cook County Jail Assistant Superintendent Michael Bryant (collectively, "Defendants"). On March 4, 2014, Plaintiffs—who are now represented by court-appointed counsel—filed an amended complaint ("Amended Complaint") (Dkt. No. 62 ("Am. Compl.")) against the same Defendants. Plaintiffs' Amended Complaint, filed under 42 U.S.C. § 1983, alleges that Defendants failed to provide safe drinking at Cook County Jail ("CCJ") in violation of Plaintiffs' rights under the

Eighth and Fourteenth Amendments to the Constitution. Defendants have moved to dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5). (Dkt. No. 67.) For the reasons explained below, that motion is denied.

RELEVANT FACTUAL BACKGROUND

In November 2011, when Plaintiffs first brought this suit, they were all incarcerated at CCJ. (Am. Compl. ¶ 1.) Plaintiffs allege CCJ's drinking water at the time contained unacceptably high levels of lead. (Am. Compl. ¶¶ 6-8, 17-19.) Although Plaintiffs originally couched their complaint as a class action on behalf of all inmates forced to drink the unhealthy water, Plaintiffs' Amended Complaint no longer seeks class-wide relief. (Am. Compl. ¶ 40.) Because of the nature of Plaintiffs' allegations and the complexity of dealing with multi-plaintiff litigation, the court appointed Steven Danekas ("Danekas") of Swanson, Martin & Bell to represent Plaintiffs in accordance with Danekas's trial bar obligations under Local Rule 83.37. (Dkt. No. 6.) The court further ordered that summonses would not issue until Danekas, within 60 days, notified the court whether he intended to proceed with the complaint on file or file an amended complaint. (*Id.*)

On January 24, 2012, after receiving no communication from Danekas, Plaintiffs filed a motion to compel his appearance. (Dkt. No. 8.) Plaintiffs' motion apparently jolted Danekas into action and he filed a motion to withdraw one week later. (Dkt. No. 11.) Danekas sought permission to withdraw on the basis of his firm's past representation of Cook County, Illinois and because his "firm is so identified with the defense of Section 1983 actions, it is believed that accepting the present assignment might be injurious to the firm's relationships with present clients." (Dkt. No. 11 ¶¶ 4-5.) Danekas's motion did not, however, state why he failed to discover his firm's "reputational conflict" until nearly three months after his appointment. The

court nevertheless granted Danekas's motion to withdraw (Dkt. No. 15) and appointed Howard Adelman ("Adelman") of Adelman, Gettleman, Merens, Berish & Carter. (Dkt. No. 16).

On March 1, 2012, the court granted Adelman's motion to withdraw because he purportedly did not possess the expertise necessary to represent Plaintiffs. (Dkt. Nos. 17, 19.) The court appointed James Harman ("Harman") of Cirignni, Heller, & Harman to replace Adelman. (Dkt. No. 22.) Harman, unfortunately, orally moved to withdraw at the first status hearing and the court granted his request. (Dkt. No. 24.) On April 19, 2012, the court appointed Edward Manzke ("Manzke") of the Collins Law Firm to serve as Plaintiffs' new counsel. (*Id.*)

Manzke, unlike Plaintiffs' previously appointed counsel, accepted the representation and spent four months working on the case. Manzke purportedly conducted research concerning City of Chicago water quality reports, but not enough research to prepare an amended complaint and serve Defendants. (Dkt. No. 38.) On October 29, 2012, Manzke filed a motion to withdraw because it became clear to him that he had an ethical obligation not to pursue the case. (*Id.*) The court granted Manzke's motion (Dkt. No. 39) and appointed Brenda Feis ("Feis") of Stowell & Friedman to represent Plaintiffs (Dkt. No. 40). Feis promptly moved to withdraw on the basis of incompetency. (Dkt. No. 42.) On February 5, 2013, the court granted Feis's motion and appointed Plaintiffs' current counsel, Andrew Jacobson ("Jacobson") of Brown, Udell, Pomerantz, & Delrahim. (Dkt. No. 44.)

Jacobson or a member of his firm have represented Plaintiffs for the past 17 months and have appeared (or failed to appear) on a number of occasions in connection with the case. On May 9, 2013, counsel stated that they were in the process of contacting all of the Plaintiffs and

had served FOIA requests to investigate the water quality issues at CCJ.[1] (Dkt. No. 49.) On June 13, 2013, counsel acknowledged that they had not served Defendants but requested another month to prepare an amended complaint. The delay apparently stemmed from counsel's difficulty in obtaining Plaintiffs' administrative records from CCJ. The court granted counsel's request, but counsel failed to appear at the next status hearing on July 25, 2013. (Dkt. No. 51.) On August 1, 2013, counsel told the court that their information on Plaintiffs' administrative records was "as good as it's going to get" and that they would proceed to file an amended complaint. (Dkt. No. 53.) The court again accommodated counsel's request and set September 6, 2013 as the deadline to file an amended complaint. (*Id*). Consistent with past experience, September 6th came and went without any filing. On September 24, 2013, counsel appeared and stated that they were in the process of finalizing the amended complaint and would be ready to file it within two to three weeks. (Dkt. No. 54.) Two weeks later, on October 10, 2013, counsel returned to court and requested an additional 30-45 days because they lacked certain of Plaintiffs' administrative records. The court again granted counsel's request but declined set a specific deadline for the filing of an amended complaint. (Dkt. No. 56.)

On December 3, 2013, counsel failed to appear for a second time and the court dismissed the case for want of prosecution. (Dkt. No. 57.) On January 30, 2014, the court granted Plaintiffs' motion to vacate the order of dismissal and reinstated the case. (Dkt. No. 61.) On March 4, 2014, Plaintiffs finally filed their Amended Complaint (Dkt. No. 62) and sent waivers of service to Defendants one week later on March 11, 2014 (Dkt. No. 67 Ex. 1). Defendants have moved to dismiss Plaintiffs' Amended Complaint for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).

---

[1] Because the parties have not ordered transcripts of any hearing, the court cannot include transcript citations to statements made in open court at the cited status hearings.

ANALYSIS

Defendants argue that the case should be dismissed because Plaintiffs failed to serve the original complaint in accordance with Rule 4(m). Under Rule 4(m), if a plaintiff fails to serve a summons and complaint on a defendant "within 120 days after the filing of the complaint," a district court "shall dismiss the action without prejudice . . . or direct that service be effected within a specified time . . . ." Fed. R. Civ. P. 4(m). But before dismissing an action, "a district court must first inquire whether a plaintiff has established good cause for failing to effect timely service." *Panaras* v. *Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). If a plaintiff meets the burden of showing good cause for the failure to serve, the court "has no choice but to extend the time for service, and the inquiry is ended." *Id.* Moreover, even "absent a showing of good cause, a district court must still consider whether a permissive extension of time is warranted." *Id.* at 341.

When making this determination, the court considers a number of factors in order to balance of hardships to both parties. *Panaras*, 94 F.3d at 341; *Coleman* v. *Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002). These factors include: (1) whether the statute of limitations would bar the plaintiff's re-filing of the complaint; (2) if the defendant has been attempting to evade service or has concealed a defect in the service made; (3) whether an extension of time would harm the defendant's ability to defend the lawsuit; (4) whether the defendant received actual notice of the lawsuit; and (5) whether the defendant was eventually actually served. Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments; *United States* v. *McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006); *Coleman*, 290 F.3d at 934; *Troxell* v. *Fedders of N.A., Inc.*, 160 F.3d at 381, 383 (7th Cir. 1998); *Panaras*, 94 F.3d at 341. The court

5

may exercise its discretion in considering these factors and determining whether to grant an extension of time within which the plaintiff may serve the defendant. *Coleman*, 290 F.3d at 934.

Although Plaintiffs proceed straight to a good cause defense, the court must first determine whether service was untimely. The 120-day period normally begins to run when the complaint is filed. *Geiger* v. *Allen*, 850 F.2d 330, 333 (7th Cir. 1988) (citing Fed. R. Civ. P. 4(m)). In this case, however, the court ordered that no summonses would issue until Danekas, Plaintiffs' original counsel, notified the court whether he intended to proceed with the original complaint or file an amended complaint. (Dkt. No. 6.) In other words, the court extended the time for service until Plaintiffs' counsel could review and revise the original complaint. Delaying service in a case like this makes sense for obvious reasons. Pro se plaintiffs are not trained lawyers and often name incorrect or immune defendants in their complaints. By suspending service until counsel can revise a potentially deficient complaint, the court helps incorrectly named or immune defendants avoid having to hire counsel and appear in court. The delay is usually a minor one as long as counsel embrace their pro bono obligations as members of this district's trial bar. That unfortunately did not happen here. Four appointed attorneys withdrew without conducting any work on the matter and another did not remain long enough to file an amended complaint.

Current counsel, by contrast, have represented Plaintiffs continuously for roughly 17 months. Although the court appreciates counsel continuing where a number of predecessors have withdrawn, counsel have twice failed to appear and have taken far too long—13 months—to file an amended complaint. At least part of the delay, however, has been caused by the difficulty of obtaining basic records from CCJ. For this reason, and because counsel were undertaking a pro bono representation at the court's request, the court repeatedly extended the deadline to prepare

an amended complaint. As recently as October 10, 2013, the court stated that "leave remains," and declined to set a deadline for the amended complaint, the filing of which would terminate the court's leave to delay service. Although the court dismissed the case on December 3, 2013, the time period for service is tolled between the date of dismissal and the date the court reinstates the action. *See Geiger*, 850 F.2d at 333. Accordingly, even assuming that the time to serve was no longer suspended upon reinstatement, the 120-day period started to run no earlier than January 30, 2014, when the court reinstated the case. Plaintiffs filed their Amended Complaint on March 4, 2013; Plaintiffs sent waivers of service to Defendants on March 11, 2014; and Defendants filed the instant motion on May 21, 2014—all before the 120-day period expired on May 30, 2014. The court therefore determines that service was not untimely.

Even if the time for service had expired, good cause exists for extending the time period for service. As Plaintiffs assert in their response, the applicable statute of limitations would bar Plaintiffs from re-filing their complaint, a factor that favors extension. Moreover, once the court granted Plaintiffs' request for counsel, Plaintiffs were entitled to rely on appointed counsel's actual and competent representation. The court, in its discretion, will not forever foreclose Plaintiffs' claims because of delays that were entirely outside of their control.

## CONCLUSION

For the reasons set forth above, Defendants "motion to dismiss Plaintiffs' complaint" [67] is denied because service was not untimely. Defendants' responsive pleading to Plaintiffs' Amended Complaint is due on or before 8/22/14. Status hearing set for 9/2/14 at 9:00 a.m. The parties are encouraged to discuss settlement.

ENTER:

/s/ James F. Holderman
JAMES F. HOLDERMAN
United States District Court Judge

Date: July 23, 2014